STATE v. BERNARD KATZ.

Decided February 19, 1925.

**Crimes—Receiving Stolen Goods—Claim That Defendant Did Not Know, and Afterward Made Restitution, Not Sustained —Judge's Charge Sustained.**

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Milton M. Unger*.

For the state, *John O. Bigelow*, prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment which charged him with receiving six tubs of butter, belonging to the Great Atlantic and Pacific Tea Company, knowing them to have been stolen.

The first assignment of error attacks a ruling of the trial court in admitting evidence over the defendant's objection. The matter came up in this way. The defendant, in attempting to exonerate himself from the charge laid against him, testified that none of the six tubs of butter referred to in the indictment (and which were found in his possession) had marked thereon the name of the Great Atlantic and Pacific Tea Company. The state, upon rebuttal, produced and offered in evidence one of these tubs, which contained the name of the tea company stenciled thereon. The other five tubs being then in the court room, and in the custody of the state, counsel for the defendant objected to the admission in evidence of the marked tub unless the state also offered the other five tubs. This the state refused to do, and the trial court thereupon admitted the marked tub in evidence.

The defendant now contends that in doing this the court committed harmful error. We are unable to perceive any ground of support for this contention, even with the help of the brief of counsel. As has been pointed out, the defendant had declared upon the witness-stand that not a single one of the six tubs of butter was marked with the name of the tea company. The materiality of the fact is apparent, and his denial of its existence was absolute. The marked tub which was received in evidence was a direct contradiction of his statement, and the state was entitled to have that tub submitted to the jury for the purpose of affecting his credibility. without regard to whether or not the other five tubs were similarly marked.

The next ground upon which we are asked to reverse this conviction is that the court erred in charging the jury as to the evidential effect of the failure of the defendant to produce a check which he claimed to have given in payment of the tubs of butter, under the belief that they had honestly come into the possession of the vendor, and the court's comment upon the fact that the stub which was produced as the complement of this check showed that the check itself had been given in payment of *fruit* purchased by the defendant. It is argued before us that, by the trial judge's statement with relation to these matters, he "assumed the existence of certain facts instead of leaving their existence or non-existence to be determined by the jury." But an examination of the charge shows that this contention is without basis. The court expressly instructed the jury that they were the exclusive judges of the facts and must disregard any statements by the court as to what was present or not present in the evidence, unless such statements coincided with their own recollection. It is entirely settled by our decisions that so long as the right and duty of the jury to decide for themselves all disputed questions of fact is pointed out in the charge, it is entirely proper for the trial judge to give jurors the benefit of his greater experience by telling them how the testimony strikes his mind, both as to its force and as to the

inferences the court would draw from it. *State* v. *Hummer*, 73 *N. J. L.* 714; *State* v. *Kaskevich*, 98 *Id*. 23.

The only other assignment of error is directed at the refusal of the trial court to charge the following request: "In order to convict the defendant, it must be proved that he received the goods knowing that they were stolen, and this knowledge must be proved as of the time they were received. It is not sufficient to prove that the defendant had suspicions, because, although suspicious circumstances may be a part of the circumstances from which knowledge may be inferred, the jury must be satisfied that these circumstances were of such a character as to lead to the conclusion that the defendant knew the goods were stolen." It is enough to say, in disposing of this assignment, that so much of the request as was material and accurately stated, the law, with relation to the subject-matter dealt with therein was, in fact, charged by the trial judge. The request, as a whole, was, we think, legally inaccurate, for although the circumstances from which knowledge might be inferred, standing alone, might not lead to the conclusion of guilt, yet, when taken in connection with other facts proven in the cause, they might demonstrate guilt beyond a reasonable doubt.

The conviction under review will be affirmed.